IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEBRA CURRY,** | |
| **Plaintiff,** | |
| v. | 1:14-cv-1839-WSD |
| **MARRIOTT HOTELS, INC. et al.,** | |
| **Defendant.** | |

### OPINION AND ORDER

This matter is before the Court on the Court's July 16, 2014, Order [4], directing Plaintiff Debra Curry ("Plaintiff") to show cause, on or before July 30, 2014, why this action should not be dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

On June 12, 2014, Plaintiff filed her Complaint [1] asserting various state law causes of action against Marriott Hotels, Inc. ("Marriott"), Parking Company of America ("PCA"), and Denise Lenox ("Lenox"). Plaintiff's claims arise from the alleged theft of personal items from her baggage after she checked into a hotel operated by Marriot Hotels.

On July 16, 2014, the Court, after reviewing Plaintiff's Complaint, issued its Order addressing the Court's subject matter jurisdiction over this matter. While not explicitly stated in the Complaint, the Court could only have diversity jurisdiction because the Complaint asserted only state law causes of action. The Court found, however, that the Complaint failed to establish diversity jurisdiction because Plaintiff failed to allege the amount in controversy, which must exceed $75,000. The Court also found that Plaintiff, having alleged that Marriott and Parking were incorporated in the state of Georgia, rendering them Georgia citizens,[1] failed to allege sufficient facts to show that she was not a citizen of Georgia. The Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff failed to respond to the Court's July 16, 2014, Order.

## II.   DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well

---

[1] The Complaint did not allege Lenox's citizenship.

settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

The Court has subject-matter jurisdiction in this case only if there is federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331–1332(a). Federal-question jurisdiction exists when the "well-pleaded" allegations of a plaintiff's complaint show that the cause of action is based on federal law or the United States Constitution. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Plaintiff's Complaint raises only questions of state law, and the Court does not have federal-question jurisdiction.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). A corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 n.1

(11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiff has failed to respond to the Court's July 16, 2014, Order.[2] As the Court noted in its July 16, 2014, Order, Plaintiff alleged that Marriott and Parking were incorporated in the state of Georgia, rendering them Georgia citizens. See 28 U.S.C. § 1332(c)(1). Plaintiff failed to allege the amount in controversy or her citizenship,[3] and thus failed to meet her obligation to establish the Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1).

---

[2] The Court may also dismiss a civil action for want of prosecution if a plaintiff, after notice, fails or refuses to obey a lawful order of the Court. LR 41.3(A)(2), NDGa.

[3] In a lawsuit brought in September 2011, Plaintiff asserted that she was a resident of Georgia, which, if still true, would prevent the Court from exercising diversity jurisdiction over Plaintiff's claims. (See N.D.Ga. 1:11-cv-3088, Complaint [5] at ¶ 9).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[4]

**SO ORDERED** this 31st day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] If Plaintiff is able to provide the jurisdictional information that is required, she may seek to file a new complaint.